# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PALMER 67 REVOCABLE TRUST
F/B/O REBA TOULABI

        Plaintiff,

   v.

                              **Case No. 25-CV-490**

WALWORTH COUNTY.,

        Defendants.

---

## DECISION AND ORDER ON DEFENDANTS' MOTION TO STAY PENDING SUPREME COURT'S DECISION IN *PUNG V. ISABELLA COUNTY*

---

Palmer 67 Revocable Trust, F/B/O Reza Toulabi, by Trustee Richard W. Torhorst (the "Trust"), sues Walworth County under 42 U.S.C. § 1983 and Wisconsin law relating to the foreclosure and transfer of its tax delinquent property by Walworth County ("County") to the City of Elkhorn ("City"). The Trust alleges Walworth County's actions constituted an illegal taking in violation of the Fifth and Fourteenth Amendments and Article I, Section 13 of the Wisconsin constitution. Specifically, the Trust alleges that by contracting to sell the Property to the City of Elkhorn for the value of the tax debt, the County confiscated more than the delinquent debt and deprived the Trust of its equity and any opportunity to obtain the Property's value that exceeded the debt. Moreover, the Trust alleges that the fair market value of the Property at the time of foreclosure was $382,000—a sum far greater than the amount owed.

Presently, Walworth County moves to stay the proceedings pending the Supreme Court's decision in *Pung v. Isabella County*, 146 S. Ct. 80 (Mem). Walworth County argues

1

that a stay is appropriate because *Pung* is posed to decide the fundamental disagreement between the parties. (Docket # 45 at 4.) Walworth County argued in its motion to dismiss that the Supreme Court's decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023) only entitles a former property owner to the excess proceeds of a tax foreclosure sale, not the difference between the tax debt owed and the fair market value of the property at issue, and the Trust disagrees. Walworth County argues that *Pung* will squarely answer this question.

The Trust opposes staying the case. It argues that the facts and issues in this case are significantly different from *Pung*. (Docket # 48 at 1–3.) The Trust argues that the issue in *Pung* is whether compensation to a property owner in a tax-delinquent foreclosure sale should be based on the property's fair market value or from the suppressed foreclosure sale price. The Trust asserts that because no sale occurred in this case, a decision in *Pung* will not be helpful. The injury, it asserts, is based on the "County's deliberate decision to bypass foreclosure sale altogether and sell the property to the City under the table via intergovernmental agreement." (Docket # 48 at 1.) The Trust asserts that it seeks damages caused by Walworth County's conduct, and a decision that the County's conduct under these specific facts and circumstances violates the Takings Clause.

In its reply, Walworth County counters that the outcome of *Pung* will shape the type of discovery and expert testimony needed in this case. It further asserts whether the Supreme Court holds that the value of a Fifth Amendment taking claim in a tax foreclosure case is based on the fair market value of the property, auction sale price, or some other metric will define the contours of the Trust's claimed damages.

District courts have the inherent authority to manage their dockets and stay proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing *Landis*

2

*v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). I agree with the Trust that both the facts and questions presented in this case are significantly different from the facts and legal questions presented in *Pung*. No foreclosure sale occurred here. However, I do agree with Walworth County that the Supreme Court's decision in *Pung* may define or at a minimum instruct on the damages here. Further, a decision on available damages will shape discovery and expert testimony needed in this case. While I am mindful of the Trust's understandable desire and interest in avoiding unnecessary delays in this litigation, awaiting the decision from the Supreme Court in *Pung* will ultimately promote efficiency in helping the parties focus their discovery as to damages. Additionally, given that the Supreme Court has already heard oral argument in *Pung* and a decision is therefore expected by the end of the Court's term, I also find that the stay will not be unduly prolonged. Finally, with input from counsel at the Rule 16 hearing, I may modify the scheduling order in this case to account for the delay caused by the stay. For these reasons, Walworth County's motion to stay is granted.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants' Motion to Stay proceedings pending the Supreme Court's decision in *Pung v. Isabella County* (Docket # 45), is **GRANTED**. The parties are to immediately inform the Court of a decision in *Pung* and the Court will then schedule a Rule 16 hearing.

Dated at Milwaukee, Wisconsin this 12th day of March, 2026.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

3